FILED
OCT 24 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE SCHENKIER

JUDGE PALLMEYER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07CR 684 |
| | ) | |
| v. | ) | |
| | ) | |
| SHUREZ D. YERGER, | ) | Violations: Title 18, United States Code, |
| FLOYD O. TOWNSEND, and | ) | Sections 1028A(a)(1), 1030(a)(2)(A) |
| KEITH R. GIVENS | ) | 1030(c)(2)(B)(i), 1343, and 2 |

FILED
OCT 2 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL MARCH 2007 GRAND JURY charges:

1.   At times material to this indictment:

   A.   Retailer 1 and Retailer 2 were retailers of furniture and other merchandise, and operated stores in and around the Northern District of Illinois, Eastern Division, and elsewhere.

   B.   World Financial Network National Bank ("World Financial"), located in Ohio, was a provider of third-party credit and related services to retailers, including Retailer 1 and Retailer 2. World Financial maintained credit processing centers in Ohio and in Texas.

   C.   Retailer 1 and Retailer 2 allowed customers to open instant credit accounts based on the presentation of a driver's license and a social security number. In these situations, a store employee contacted one of World Financial's credit processing centers, via telephone or electronic terminal, and provided World Financial with, among other things, the customer's name, date of birth, and social security number. World Financial

then conducted a preliminary credit check of the customer and, if World Financial approved the credit, authorized the opening of an instant credit account.

        D.      Once an instant credit account had been opened, a Retailer 1 or Retailer 2 store employee sent an electronic wire transmission to one of World Financial's credit processing centers. This electronic wire transmission contained, among other things, the account number and the amount of the customer's intended purchase. World Financial then approved or denied the purchase via an electronic wire transmission.

        E.      World Financial credited bank accounts for Retailer 1 and Retailer 2, respectively, for amounts charged by customers at their stores.

        F.      TransUnion LLC ("TransUnion") was a consumer credit reporting agency which maintained information in its files on consumers, as such terms are defined in the Fair Credit Reporting Act (Title 15, United States Code, Section 1681 *et seq.*).

        2.      Beginning no later than in or about March 2005 and continuing to in or about July 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere:

SHUREZ D. YERGER,
FLOYD O. TOWNSEND, and
KEITH R. GIVENS,

defendants herein, along with others known and unknown to the Grand Jury, knowingly devised and intended to devise, and participated in, a scheme to defraud and to obtain money and property owned by and under the custody and control of World Financial by means of materially false and fraudulent pretenses, representations, and promises.

3. It was part of the scheme that YERGER recruited TOWNSEND, GIVENS, and others known and unknown to the Grand Jury, to use false driver's licenses and social security cards to open instant credit accounts at various retail stores, including Retailer 1 and Retailer 2, for the purpose of obtaining merchandise from such stores.

4. It was further part of the scheme that GIVENS recruited Co-schemer A to use false driver's licenses and social security cards obtained by YERGER to open instant credit accounts at Retailer 1 and Retailer 2 stores for the purpose of obtaining merchandise.

5. It was further part of the scheme that YERGER obtained false driver's licenses and social security cards which bore the photographs of TOWNSEND, Co-schemer A, and others known and unknown to the Grand Jury, and which contained the real names, dates of birth, and social security numbers of Individuals A through L (hereinafter, the "false identification documents"). Individuals A through L did not know that their identities had been used in this way.

6. It was further part of the scheme that, in order to obtain credit reports for use in the scheme, YERGER paid Individual M to access a computer at her employer in Chicago to retrieve credit reports maintained in the files of TransUnion relating to Individuals B, C, D, F, and J. Individual M provided YERGER with the requested credit reports. Individual M and YERGER knew that they were not authorized to access and obtain such credit reports.

7. It was further part of the scheme that YERGER provided TOWNSEND, GIVENS, Co-schemer A, and others known and unknown to the Grand Jury, with the false identification documents in order for them to open instant credit accounts at Retailer 1 and

Retailer 2. YERGER, TOWNSEND, and GIVENS each knew that they were not authorized to use the false identification documents to open the instant credit accounts.

8. It was further part of the scheme that YERGER provided TOWNSEND, GIVENS, Co-schemer A, and others known and unknown to the Grand Jury, with credit reports relating to Individuals B, C, D, F, J, and others for the purpose of providing background credit information in case they were questioned by Retailer 1 and Retailer 2 employees while opening the instant credit accounts.

9. It was further part of the scheme that YERGER, TOWNSEND, GIVENS, Co-schemer A, and others known and unknown to the Grand Jury, without the knowledge or consent of World Financial, Retailer 1, Retailer 2, or Individuals A through L, used the false identification documents to open, and attempt to open, instant credit accounts at Retailer 1 and Retailer 2. YERGER, TOWNSEND, and GIVENS knew that they were not authorized to open the instant credit accounts and that they were not authorized to make such purchases. YERGER, TOWNSEND, and GIVENS also knew that they did not intend to make any payments to World Financial at the time that they made such purchases.

10. It was further part of the scheme that, on or about the following dates, YERGER, TOWNSEND, GIVENS, Co-schemer A, and others known and unknown to the Grand Jury, opened, or attempted to open, instant credit accounts at the following Retailer 1 and Retailer 2 locations using the names, dates of birth, and social security numbers of the individuals listed below:

| Date | Store | Location | False Identity Used |
|---|---|---|---|
| March 23, 2005 | Retailer 1 | Calumet City, Illinois | Individual A |
| May 5, 2005 | Retailer 1 | Burbank, Illinois | Individual B |
| May 16, 2005 | Retailer 1 | Burbank, Illinois | Individual C |
| June 13, 2005 | Retailer 1 | Hanover Park, Illinois | Individual D |
| June 15, 2005 | Retailer 2 | Bloomingdale, Illinois | Individual D |
| June 18, 2005 | Retailer 1 | Hanover Park, Illinois | Individual E |
| June 26, 2005 | Retailer 2 | Hillside, Illinois | Individual F |
| June 30, 2005 | Retailer 1 | Burbank, Illinois | Individual F |
| July 3, 2005 | Retailer 2 | Chicago, Illinois | Individual G |
| July 3, 2005 | Retailer 2 | Chicago, Illinois | Individual H |
| July 5, 2005 | Retailer 1 | Calumet City, Illinois | Individual G |
| July 9, 2005 | Retailer 1 | Calumet City, Illinois | Individual I |
| July 10, 2005 | Retailer 2 | Hillside, Illinois | Individual I |
| July 10, 2005 | Retailer 2 | Chicago, Illinois | Individual J |
| July 12, 2005 | Retailer 1 | Hanover Park, Illinois | Individual J |
| July 13, 2005 | Retailer 2 | Glenwood, Illinois | Individual K |
| July 23, 2005 | Retailer 1 | Burbank, Illinois | Individual L |
| July 23, 2005 | Retailer 2 | Chicago, Illinois | Individual L |

11. It was further part of the scheme that YERGER, TOWNSEND, GIVENS, Co-schemer A, and others known and unknown to the Grand Jury, picked up the Retailer 1 and Retailer 2 merchandise purchased with the instant credit accounts, and sold and delivered such merchandise to customers identified by YERGER and GIVENS.

12. As a result of the scheme, World Financial sustained losses of at least approximately $49,676.

13. It was further part of the scheme that YERGER, TOWNSEND, and GIVENS did otherwise conceal, misrepresent and hide, and cause to be concealed, misrepresented and hidden, the existence and purpose of the scheme and acts done in furtherance of the scheme.

14. On or about June 26, 2005, at Hillside, in the Northern District of Illinois, Eastern Division,

> SHUREZ D. YERGER and
> FLOYD O. TOWNSEND,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs, signals and sounds, namely, an instant credit application and request for approval of sale to a World Financial credit processing center located in either Ohio or Texas, in connection with a purchase of merchandise in the amount of approximately $4,081 from a Retailer 2 Store in Hillside, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about July 5, 2005, at Calumet City, in the Northern District of Illinois, Eastern Division,

> SHUREZ D. YERGER and
> FLOYD O. TOWNSEND,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs, signals and sounds, namely, an instant credit application and request for approval of sale to a World Financial credit processing center in either Ohio or Texas, in connection with a purchase of merchandise in the amount of approximately $4,426 from a Retailer 1 in Calumet City, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## **COUNT THREE**

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.  On or about July 9, 2005, at Calumet City, in the Northern District of Illinois, Eastern Division,

>    SHUREZ D. YERGER and
>    KEITH R. GIVENS,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs, signals and sounds, namely, an instant credit application to a World Financial credit processing center in either Ohio or Texas, in connection with an attempted purchase of merchandise from a Retailer 1 store in Calumet City, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about July 10, 2005, at Hillside, in the Northern District of Illinois, Eastern Division,

> SHUREZ D. YERGER and
> KEITH R. GIVENS,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs, signals and sounds, namely, an instant credit application and request for approval of sale to a World Financial credit processing center in either Ohio or Texas, in connection with a purchase of merchandise in the amount of approximately $4,935 from a Retailer 2 store in Hillside, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about July 10, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

SHUREZ D. YERGER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs, signals and sounds, namely, an instant credit application and request for approval of sale to a World Financial credit processing center in either Ohio or Texas, in connection with a purchase of merchandise in the amount of approximately $5,062 from a Retailer 2 store in Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about July 13, 2005, at Glenwood, in the Northern District of Illinois, Eastern Division,

### SHUREZ D. YERGER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs, signals and sounds, namely, an instant credit application and request for approval of sale to a World Financial credit processing center in either Ohio or Texas, in connection with a purchase of merchandise in the amount of approximately $3,957 from a Retailer 2 store in Glenwood, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in Count Five of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about July 10, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### SHUREZ D. YERGER,

defendant herein, knowingly possessed and used, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security number of Individual J, during and in relation to the wire fraud offense described in Count Five of this indictment;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in Count Six of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about July 13, 2005, at Glenwood, in the Northern District of Illinois, Eastern Division,

### SHUREZ D. YERGER,

defendant herein, knowingly possessed and used, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security number of Individual K, during and in relation to the wire fraud offense described in Count Six of this indictment;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. Between on or about April 27, 2005, and on or about June 6, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

SHUREZ D. YERGER,

defendant herein, for purposes of private financial gain, accessed a computer, which access exceeded Individual M's authorized access of such computer, and thereby obtained information contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (Title 15, United States Code, Section 1681 *et seq.*), namely, the files of TransUnion relating to the credit reports of at least five consumers;

In violation of Title 18, United States Code, Sections 1030(a)(2)(A), 1030(c)(2)(B)(i), and 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY